FLORES, PLAINTIFF AND APPELLEE, *v.* SUCCESSORS OF PÉREZ BROTHERS, DEFENDANTS AND APPELLANTS.

APPEAL from the Second District Court of San Juan in an Action for Damages.—In Re Memorandum of Costs.

No. 2997.—Decided July 16, 1923.

APPEAL—COSTS.—In this case the Supreme Court, ruling on an appeal from a costs judgment, rendered a judgment which contains the following: " * * *

it decides to modify, as it does modify, the judgment appealed from  *  *  *
so as to reduce the amount of damages to the sum of $12,000, and to affirm
the said judgment in all other respects, *without special·imposition of costs.'*
*Held:* That the italicized words mean that each party should pay his own
costs in the lower court.

ID.—ID.—When a plaintiff-appellee is of the opinion that the Supreme Court
should not have modified the judgment appealed from in so far as it allowed
costs, he should move the said court to correct its judgment in that respect.

ID.—ID.—When a judgment of the Supreme Court is affirmed with costs on ap-
peal, such costs are those accruing in the appellate court.

The facts are stated in the opinion.

*Messrs. Chas. Hartzell* and *F. Ramírez de Arellano* for
the appellants.

*Messrs. J. H. Brown* and *C. Ruiz Názario* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Second District Court of San Juan rendered judg-
ment in this case against the defendants for the sum of $17,000
as damages and the costs, but on appeal this court, on July
29, 1921, rendered the following judgment, as appears from
the transcript: "For the reasons stated in the preceding
opinion this court modifies the judgment of the District Court
of San Juan, Section 2, of May 18, 1920, by reducing the
amount of the damages to $12,000 and affirms the said judg-
ment in all other respects, without special imposition of
costs. Let due notice be given for the corresponding
purposes.  *  *  *  We concur in the foregoing judgment
except as to the amount of the damages which we think should
not exceed $5,000." 29 P. R. R. 977. An appeal was taken
also from our judgment to the United States Circuit Court
of Appeals for the First Circuit and that court affirmed it
with costs on June 7, 1922. 281 Fed. Rep. 439.

After our judgment had been rendered the plaintiff pre-
sented in the trial court a memorandum of costs sworn to
by his attorney, and containing, among other items, one of
$1,200 for attorney's fees. This memorandum was opposed
because our judgment was without special imposition of costs,
and on the ground that the amount fixed for attorney's fees

was excessive. After the second judgment on appeal had been rendered in the Circuit Court the plaintiff presented a new memorandum of costs sworn to by the same attorney and the item of attorney's fees had been increased to $2,500. It was also opposed for the same reasons, but it was approved in whole by the district court on the ground that from our judgment it did not appear that we modified the judgment as to the imposition of costs and because there was no other ground of opposition to the memorandum. However, it was opposed also as excessive.

From that order the defendant took the present appeal and assigned two errors as committed by the trial court as follows: "The court erred in overruling our opposition to the memorandum of costs and holding that the judgment of the Supreme Court of Porto Rico did not modify the judgment of the District Court of San Juan in the matter of costs; and the court erred in holding that the amount fixed for attorney's fees was not excessive."

Both the first assignment of error and the order of the court below turn on the interpretation of our judgment as to the matter of costs, for as it modified the judgment appealed from in the amount of the damages and affirmed it in all other respects, without special imposition of costs, the trial court understood and the appellee maintains that this court only modified the judgment as to the amount of the damages and that as it was affirmed in all other respects, it was affirmed in the award of costs against the defendants notwithstanding the final phrase "without special imposition of costs," and that these words refer to the costs in the Supreme Court.

Those words can not refer to costs in this court, for there are no costs in this court, as we have held in *Martínez* v. *Pagán López & Co.,* 17 P. R. R. 582; *J. Ochoa y Hermano* v. *Succession of Lanza et al.,* 17 P. R. R. 701; *Hernández* v. *F. Carrera & Bro.,* 23 P. R. R. 799; *Polanco* v. *Goffinet et al.,* 30 P. R. R. 821, and *Cruz* v. *Valentín,* 31 P. R. R. 245. In

view of these decisions the early case of *Márquez* v. *Aguiló,* 10 P. R. R. 251, cited by the appellee, is not applicable. As regards the cases cited by the trial court, that reported in 18 P. R. R. 79, says nothing about the question decided and those of *Vivas* v. *Hernáiz, Targa & Co.,* 24 P. R. R. 779; *Rubio* v. *Mayagüez Auto Garage Co.,* 20 P. R. R. 229; *Morales* v. *Caraballo,* 27 P. R. R. 544, and *Cabranes* v. *Central Vannina,* 29 P. R. R. 951, have no bearing on the interpretation of our judgment, because they merely declare the discretional power of district courts to impose costs and that this court will not interfere with its exercise unless an abuse of discretion is shown, making no reference to the power of this court on appeal to decide upon the payment of costs when it reverses or modifies the judgment appealed from. In this case, in view of the fact that the judgment was modified by a reduction to $12,000 of the amount awarded against the defendant and in view also of the fact that two of the justices of this court were of the opinion that it should be reduced to $5,000, we were of the opinion that the defendant should not pay the costs and that was why we said "without special imposition of costs," or that each party should pay his own costs.

Perhaps that judgment should have been drafted more clearly by saying that the judgment appealed from was modified as to the damages, without special imposition of costs, and affirmed in all other respects, but notwithstanding its form it shows sufficiently that we disposed of the case without special imposition of costs; therefore, it appears clearly that the judgment appealed from was modified also as to the award of costs against the defendant contained in the judgment appealed from, it being contrary to our pronouncement on this point.

The argument that the said judgment was not opposed as to the imposition of costs has no basis in the transcript and would not preclude us from modifying it if the fundamental

question between the parties was modified or reversed. In the appeal in *Wright* v. *Smith,* 44 Mich. 560, 7 N. W. 240, wherein the judges could not agree on the questions assigned as errors, the judgment was affirmed without costs; and in *Price* v. *Price,* 46 Mich. 68, 8 N. W. 724, on appeal, the decree dismissing the bill was affirmed because the court was not satisfied that there was cause for the remedy, but under the circumstances each party was adjudged to pay his own costs. In the case under consideration the opinions of the justices were not unanimous and this was a sufficient reason for modifying the judgment as to the imposition of costs; but if we should not have modified it in that respect the plaintiff should have moved us to correct our judgment, as held in *Cruz,* v. *Valentín, supra,* where after reversing the judgment without making any declaration about the costs, we upheld the refusal of the court to approve a memorandum of costs on the ground that our judgment allowed none.

As to the fact that our judgment was affirmed with costs, we all know that that refers to the costs in the Circuit Court, which are collected by a mandate and can not, therefore, refer to the costs in the trial court.

For the foregoing reasons the judgment appealed from must be reversed and substituted by another refusing to approve the memorandum of costs, for they are not due to the plaintiff.

*Reversed and substituted.*

Chief Justice Del Toro and Justice Franco Soto concurred.

Justices Wolf and Hutchison dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

For a long time this court used the words "without special imposition of costs" (*sin especial condenación de costas*) to refer to the costs in this court, and generally where it was desired to exclude costs in the court below we said

so. To be sure, where a judgment is reversed ''without special imposition of costs'' no costs follow the reversed judgment, really not because of the words used, but because there is no imposition of costs in the converted judgment.

In Vol. 24 we were reversing judgments ''without special imposition of costs, disbursements and fees'' (*sin especial condenación de costas, gastos y honorarios*), showing that the court found it advisable or necessary to be specific when it wanted to cut off costs in the court below. There are other cases where we continue to say ''without special imposition of costs'' on reversing, but there is nothing to indicate that these words acquired a new or a different meaning.

My whole investigation convinces me that these words when used alone were either meaningless or referred to the costs in this court. This is congruent with the general practice of appellate courts.

Therefore, when this court reversed without costs it could not be supposed that the judgment so rendered *ipso facto* annulled the pronouncement of costs made by the court below. Something more positive should have appeared if this court had desired to change or modify the award of costs.